IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON AMES,

      Plaintiff,                       No.  2: 11-cv-3197 KJM JFM (PC)

   vs.

TIM VIRGA, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  On December 14, 2012, counsel was appointed for the limited purpose of filing a second amended complaint.  Plaintiff, proceeding through limited purpose appointed counsel, filed a second amended complaint on February 12, 2013.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in

1

fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. See Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Plaintiff's second amended complaint alleges that plaintiff was placed in custody at the Tehama County Jail in March 2010. While there, he began suffering abdominal pain,

rectal bleeding and discovered lumps in his abdomen. He claims that he was not seen by a specialist until March 2011, or approximately one year after notifying the Tehama County Jail defendants of his condition. In April 2011, plaintiff was diagnosed with colon cancer. He was subsequently transferred to California State Prison - Sacramento and approved for surgery and chemotherapy. Plaintiff asserts that he has received surgery but not chemotherapy.

When prison officials are deliberately indifferent to the serious medical needs of those under their control, the Eighth Amendment proscription against cruel and unusual punishment is violated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of deliberate indifference requires an examination of two elements: (1) the seriousness of the prisoner's medical needs; and (2) the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). To establish deliberate indifference, the prison official must know of, and disregard, an excessive risk to the patient's health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004). The prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but actually draw the inference. Id.

The court finds the allegations in plaintiff's second amended complaint to be insufficient to state a claim under the Eighth Amendment against the named twenty-one defendants. The Civil Rights Act under which this action is filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statue requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

3

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

While the second amended complaint asserts that plaintiff was suffering from a serious medical need, it does not allege with *at least some degree of particularity* overt acts which the specific defendants engaged in that support plaintiff's claim. Id. (emphasis added). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint *must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.* See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

4

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the second amended complaint no longer serves any function in the case. Therefore, in a third amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

3. The findings and recommendations entered February 17, 2012 (Dkt. No. 9.) which recommended that this action be dismissed for plaintiff's failure to file an amended complaint are VACATED.

DATED: February 26, 2013.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

14
ames3197.14.amd.new

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON AMES,

      Plaintiff,               No. 2: 11-cv-3197 KJM JFM (PC)

    vs.

TIM VIRGA, et al.,

      Defendants.         <u>NOTICE OF AMENDMENT</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Third Amended Complaint

DATED:

                                                                        _____

                                                                         Plaintiff